IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ROBERT TANSEY,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-03289-N (BF) |
| | § | |
| **CITY OF KELLER, TEXAS,** | § | |
| | § | |
| Defendant. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The Court has under consideration the Findings, Conclusions, and Recommendation ("FC&R") of the United States Magistrate Judge. Objections were filed. The District Court has made a *de novo* review of those portions of the proposed FC&R to which objection was made. The Court sustains the objecting to denying Defendant's motion to dismiss (doc. 18) as moot. The Court defers to the Fort Worth Division judge who receives this case to rule on that motion. The Court has reviewed the balance of the proposed FC&R for plain error, and finding none,[1] accepts them.

Accordingly, Defendant City of Keller's Motion to Transfer Venue (doc. 10) is hereby **GRANTED** and this case shall be transferred to the Fort Worth Division of the Northern District of Texas.

---

[1] The Court notes two minor errors. First, the FC&R gives weight to the location of Defendant's counsel. *See* FC&R at 4. Location of counsel is not a proper factor in a section 1404 analysis. *See In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003). Likewise, the FC&R considers Plaintiff's choice of forum as a factor. *See* FC&R at 3. A plaintiff's choice of forum is not of itself a factor to consider in the section 1404 analysis, but rather is reflected in the burden placed on the movant to demonstrate the balance of convenience weighs in favor of transfer. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 n.10 (5th Cir. 2008) (en banc). These minor errors do not alter the overall analysis of the FC&R and certainly are not plain error that would require a different result.

Additionally, Defendant City of Keller's Motion & Brief to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6) (doc 18) is not denied as moot, but is carried with the case.

Finally, the Clerk of the Court is instructed to term Plaintiff's Motion to Deny Dismissal of Case (doc. 16), as this document is not a motion, but instead a response to Defendant's Motion to Dismiss. Similarly, the Clerk of the Court is instructed to term Plaintiff's Motion to Keep Case in Dallas Division (doc. 17), as the Court utilized this document as Plaintiff's response to Defendant's Motion to Transfer Venue.

**SO ORDERED** this 8th day of June, 2012.

_____
DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE